CALDERONE LINES INC., recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., recurrida.

*Número:* CI-64-11        *Resuelto:* 4 de diciembre de 1964

*Antonsanti, Ramírez, Torruellas, Segal & Latimer,* abogados de la recurrente; *Donald R. Dexter,* abogado del Administrador del Fondo del Seguro del Estado.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El 12 de mayo de 1962, el obrero León González González sufrió un accidente mientras trabajaba en la lancha Isabel Segunda, propiedad de la recurrente, descargando unos tubos y varillas de hierro. En el informe del patrono se describe el accidente de la siguiente manera: "Al ir cargando el tubo para depositarlo en cubierta resbaló yéndose contra los tubos del barco recibiendo un golpe en el lado derecho (costado)." El 13 de septiembre de 1962, el Administrador del Fondo del Seguro del Estado declaró a la recurrente patrono no asegurado, porque la póliza no cubría el riesgo de carga y descarga de vapores y embarcaciones. El 28 de junio de 1964 la Comisión Industrial de Puerto Rico confirmó la resolución del Administrador del Fondo.

No hay duda que la recurrente obtuvo una póliza bajo la clave 7028 grupo 290, sobre "Explotación u Operación de Em-

barcaciones" que "incluye goletas, ancones, barcazas, remolcadores, barcas de pasaje, yates privados y barcos pesqueros de vela, motor o remo, utilizados por propietarios o arrendatarios". Tanto el señor Administrador del Fondo como la Comisión Industrial llegaron a la conclusión que para estar cubierto del riesgo comprendido en el accidente, el patrono ha debido obtener una póliza bajo la clave 7309, grupo 300, sobre "Carga y Descarga de Vapores" que "incluye remoción de mercadería de los muelles en cualquier forma; el depositarla, ordenarla o reclasificarla en los almacenes adyacentes; así como las operaciones de muelle de carbón de piedra. Incluye además, trabajos por miembros de la tripulación cuando estos se realizan en aguas navegables de Puerto Rico". (Vide): *"Manual de Clasificaciones de Oficios e Industrias y de Tipos de Seguro en vigor desde julio 1ro. 1961 a junio 30 de 1962"* del Fondo del Seguro del Estado.

La recurrente alega que el accidente descrito puede estar cubierto por su póliza sobre explotación y operación de embarcaciones, porque su negocio se dedica a la conducción de pasajeros y sólo incidentalmente a la tarea de carga y descarga de mercancía. La prueba demuestra que el negocio de la recurrente consiste en un setenta por ciento en la transportación de pasajeros y en un treinta por ciento en la transportación de mercaderías. La carga no es como pretende la recurrente pequeñas maletas, bultos o paquetes de los pasajeros, sino, carga pesada que no tiene nada que ver con la transportación de pasajeros, según lo demuestra tanto la prueba documental y fotográfica como la prueba testifical.

La ley aplicable al caso es el Art. 25 de la Ley de Compensaciones por Accidentes del Trabajo, según enmendado por la Ley Núm. 96 de 24 de junio de 1960—11 L.P.R.A. sec. 26 (págs. 104–105)—en la parte que dispone: "Bajo ninguna circunstancia se extenderá una póliza que cubra solamente una parte de las operaciones de un patrono, dejando otras actividades sin asegurar. El total de operaciones del patrono

deberá ser cubierto por una sola póliza; Disponiéndose, que en caso de que el patrono, al momento de formalizar la póliza, o ampliación de póliza, o al rendir su informe de jornales pagados, o declaración de nóminas, no incluyere alguna parte de sus operaciones, dejándolas en descubierto para los fines del seguro, el Administrador, no obstante, podrá en cualquier tiempo tasarle, imponerle y cobrarle cuotas adicionales por aquella parte de las operaciones en descubierto en la misma forma que si hubiere estado asegurado. Se extenderán las pólizas a base de la nómina total de las actividades del patrono y como resulte de sus libros de contabilidad, nóminas, registros u otros documentos fidedignos. En caso de que el patrono no pueda presentar libros de contabilidad, nóminas, registros, u otros documentos fidedignos, el total de la nómina de pago será calculado, al extenderse la póliza o investigarse el patrono, a base de un estimado razonable de acuerdo con la importancia, naturaleza y volumen de las operaciones del patrono. Nuevas operaciones que no están cubiertas por la póliza original, deberán ser cubiertas por notificaciones sujetas a la aprobación del Administrador o por ampliaciones de pólizas. . . ."

El resultado es que cuando parte de las tareas comprendidas en el negocio del patrono no están cubiertas por la enumeración contenida en la clave y el grupo del Manual de Clasificaciones, en cuanto a dichas tareas el patrono se considera como un patrono no asegurado. La razón actuarial detrás de esta exigencia es clara y obvia.

*Debe confirmarse la resolución dictada por la Comisión Industrial de Puerto Rico de fecha 28 de junio de 1963, confirmando la anterior resolución del Fondo del Seguro del Estado de fecha 13 de septiembre de 1962 que declaraba a la recurrente patrono no asegurado en cuanto al accidente sufrido por el obrero León González González el día 12 de mayo de 1962.*